**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BE2, LLC, a Delaware limited liability company, and BE2 HOLDING AG, a foreign company,<br><br>                  Plaintiffs,<br>v.<br><br>BE2.NET, a New York company, and Nick IVANOV, an individual,<br><br>                  Defendant. | Civil Action No. 10-cv-1650<br><br>**Jury Trial Demanded** |

## **COMPLAINT**

Plaintiffs be2, LLC and be2 Holding, A.G. (collectively "be2") for their Complaint against defendants be2.net and Nick Ivanov ("Defendants") seeking damages, injunctive relief and other relief for violations of its rights including, *inter alia*, trademark infringement and unfair competition, hereby allege as follows:

### **THE PARTIES**

1. Plaintiff be2, LLC is a Delaware limited liability company with its principal place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

2. Plaintiff be2 Holding A.G. is a foreign company with its principal place of business at Goethestr, 4, D-80336, Munich, Germany.

3. On information and belief, Defendant be2.net is a New Jersey company that conducts business throughout the United States, including in this District.

4. On information and belief, Defendant Nick Ivanov is an individual who resides in the state of New Jersey. Upon further information and belief, Nick Ivanov is

the Chief Executive Officer and co-founder of Defendant be2.net. On information and belief, Nick Ivanov conducts business in this district.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over be2's claims under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §1121.

6. This Court has personal jurisdiction over Defendants because they have transacted and are transacting business in this District, and have provided, offered for sale, and/or sold services that infringe be2's trademarks and other rights, as well as have engaged in other acts constituting unfair competition in this judicial district.

7. Venue properly lies in this Court under 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction here and have committed acts of trademark infringement and unfair competition and other acts in this District.

## BACKGROUND

8. be2 offers international, on-line matchmaking services for individuals seeking long-term partnerships. be2's services are based on a scientific model of analysis that uses psychological, anthropological and sociological criteria to assess the compatibility of two personalities and to bring well-suited matches together via the Internet. The method was developed over the course of two years in cooperation with psychologists and sociologists and contains the results of more than 60 years of relationship and personality research. be2 is known as a reliable, serious service-provider that offers its clients the opportunity to find lasting relationships.

9. be2 offers its matchmaking services world-wide. Initially, be2 was launched in Germany, Spain and Italy. The company expanded its services, however, to

include offerings throughout the world, including in France, Brazil, the Netherlands, Switzerland and the United States. Today, be2 boasts more than 14 million members in 36 countries on 6 continents.

10. Consumers and potential consumers are able to access be2's services through a number of website addresses owned and operated exclusively by be2, including, but not limited to: "www.be2.com;" "www.be2.com.mx;" "www.be2.ca;" "www.be2.com.br;" and "www.be2.ph."

11. be2 has become well-known throughout the world for its scientific, trustworthy approach to matchmaking. Even when directing its services to particular countries, be2 has targeted customers and potential customers living outside of a particular area. For example, while marketing its services in Spain, be2 further expended time and money marketing its services to Spanish-speaking residents outside of Spain.

12. Since at least as early as 2004, be2 has consistently utilized its distinctive trademarks in association with its services, including its trademark "be2" (the "BE2 MARK"). be2 utilizes the BE2 MARK as its company name, on its websites, in advertising and on other promotional materials. be2 is the owner of a number of registrations and applications regarding its BE2 MARK, including international registration number 940761 and corresponding U.S. Registration No. 3,749,879. (*See*, e.g., Exhibit A).

13. The BE2 MARK has been continuously used by be2 in association with its online business.

14. Consumers recognize the BE2 MARK as an identification of the services offered by be2, including the quality, efficiency and credibility of these services.

15. In addition to its well-known BE2 MARK, be2 is known for the appearance of its websites. Predominantly grey and red, the be2 websites carry the same overall appearance and feel on each country's site. This color scheme and appearance has become associated by the consuming public as relating to be2 and its services.

16. Unauthorized use of the BE2 MARK is not permitted, and is likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association, or the approval of the unauthorized goods or commercial activities of the unauthorized user.

## DEFENDANTS' ACTIONS

17. Defendant be2.net is a company engaged in offering online dating services.

18. On information and belief, Defendant Nick Ivanov is the CEO and co-founder of be2.net. On further information and belief, Defendant Ivanov is responsible for at least the majority of business transactions of be2.net. In addition, Defendant Ivanov is the proprietor of one or more online blogs related to be2.net and online dating.

19. Defendants offer online dating services through the website www.be2.net (the "be2.net WEBSITE").

20. Upon information and belief, prior to December 2006, the be2.net WEBSITE did not offer online dating services. In fact, prior to December 2006, the be2.net WEBSITE was in the Bulgarian language and was used as a web directory.

21. Upon information and belief and as a reasonable opportunity for discovery will show, in late December 2006, Defendants began offering online dating services via the be2.net WEBSITE.

22. Prior to approximately December 2006, upon information and belief, Defendant Ivanov offered the services now offered on the be2.net WEBSITE via the website www.sladuarana.com.

23. Upon information and belief, in approximately December 2006, Defendant Ivanov intentionally moved the online dating services to the be2.net WEBSITE in an effort to attract more customers.

24. As of approximately February 2009, Defendants began to advertise that the services would be available worldwide, including in the United States, Canada, United Kingdom, Australia, Italy, Germany and Japan.

25. On information and belief, and as a reasonable opportunity for discovery will show, at the time Defendants began offering online dating services on the be2.net WEBSITE, Defendants did so with the intention of misleading consumers. Upon information and belief, Defendants intentionally sought a domain name and web design confusingly similar to those of be2.

26. On October 2, 2009, be2, through counsel, contacted Defendants regarding their infringement of the BE2 MARK and related acts. Defendants refused to cease their actions and, ultimately, refused to discuss the matter further.

27. Defendants' actions have caused actual confusion in the marketplace. For example, in November 2008, a professional online blogging service published information on its website related to the popularity of be2. However, the professional service linked the story with Defendants' be2.net WEBSITE, instead of be2's website. By way of further example, as of October 10, 2009 a professional data website

5

mistakenly listed Nick Ivanov as the owner of the website be2, even posting a copy of the be2 stylized trademark in conjunction with Defendant Ivanov.

28. Upon information and belief, Defendants have furthered the confusion and intentionally attempted to gain from the blogger's confusion, linking to the story and falsely stating that it was written regarding Defendants.

29. Moreover, Defendants have even admitted consumer confusion. Upon information and belief, on or about November 14, 2008 Defendant Ivanov posted a blog comment addressing actual confusion of consumers of be2 and be2.net. The comment, made in response to a news statement indicating be2 had purportedly raised 15 million Euro, stated, "…[y]es, there was a mixup between be2.com and be2.net yesterday and I got a 'ton' of phone calls from web sites offering me advertising space…I told them that I wish I had 15 mil to work with…."

30. Months later on the same blog, upon information and belief Defendant Ivanov posted further comments acknowledging consumer confusion, and also acknowledging the confusing similarities of the names. On or about February 25, 2009 the statement was made, "I have had thousands of customers writing me about returning their money, thinking they are writing be2.COM. I do realize our names are similar…."

31. Defendants' acts are likely to cause confusion, mistake or to deceive as to the affiliation, connection or association, or the approval of the unauthorized goods or commercial activities of Defendants. Defendants' acts further misrepresent the nature, quality and characteristics of the services they and be2 offer.

32. More particularly, the acts of Defendants have confused and are likely to continue to confuse and mislead consumers into purchasing services they believe are

6

be2's services, mistakenly believing that Defendants' services meet certain characteristics and qualities for which be2 is known, when they do not.

33. Defendants' acts have caused and are likely to continue to cause damage and irreparable harm and injury to be2 for which there is no adequate remedy at law.

## COUNT I
### Federal Unfair Competition — 15 U.S.C. § 1125(a)

34. be2 realleges and incorporates by reference the allegations in Paragraphs 1 through 33 of its Complaint as if fully restated herein.

35. Defendants have jointly and/or severally made false designations of origin and false and/or misleading descriptions or representations of fact which are likely to cause confusion, to cause mistake and to deceive as to the origin, sponsorship, or approval of Defendants' services and/or commercial activities in violation of 15 U.S.C. § 1125(a).

36. Defendants have violated and, upon information and belief, intend to continue to willingly, knowingly and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a manner that is likely to cause confusion, mistake or to deceive as to the origin, sponsorship or approval of their services or commercial activities.

37. Defendants' conduct has caused be2 to suffer irreparable harm and, unless enjoined by the Court, will continue to cause be2 to suffer damage to its operation, reputation and goodwill. Additionally, be2 will continue to suffer the loss of sales and profits that be2 would have made but-for Defendants' acts. Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

38. be2 has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to be2. As a result of

Defendants' wrongful conduct, be2 is entitled to injunctive relief, Defendants' profits, damages and attorneys fees and costs.

## COUNT II
## Common Law Unfair Competition

39. be2 realleges and incorporates by reference the allegations in Paragraphs 1 through 38 of its Complaint as if fully restated herein.

40. Defendants have made false and/or misleading descriptions or representations of fact which are likely to cause confusion, to cause mistake and to deceive as to the origin, sponsorship, or approval of their services and/or commercial activities. Defendants' acts of deception constitute unfair competition under common law.

41. Defendants' acts have caused, and are causing, irreparable harm to be2. Unless this Court enjoins Defendants from continuing their unauthorized acts, be2 will continue to suffer irreparable harm. As a result of Defendants' wrongful conduct, be2 is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## COUNT III
## Illinois Uniform Deceptive Trade Practices Act
## Under 815 ILCS § 510, *et seq.*

42. be2 realleges and incorporates by reference the allegations in Paragraphs 1 through 41 of its Complaint as if fully restated herein.

43. Defendants have engaged in acts in violation of Illinois law, including but not limited to passing off their services as those of be2, causing a likelihood of confusion and/or misunderstanding as to the source of their own services, causing a likelihood of confusion and/or misunderstanding as to affiliation, connection or association with be2,

representing that their services have approval that they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding.

44. The foregoing acts of Defendants constitute a violation of the Illinois Uniform Deceptive trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq.*

45. Defendants' conduct has caused be2 to suffer and, unless enjoined by the Court, will cause be2 to continue to suffer damage to its operation, reputation and goodwill.

46. On information and belief, Defendants willfully engaged in one or more deceptive trade practices.

47. be2 has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to be2. As a result of Defendants' wrongful conduct, be2 is entitled to injunctive relief, Defendants' profits, damages and attorney's fees and costs.

## COUNT IV
### Trademark Infringement

48. be2 realleges and incorporates by reference the allegations in Paragraphs 1 through 47 of its Complaint as if fully restated herein.

49. be2 has gained recognition of the consuming public of the association between its BE2 MARK and the services offered by be2. be2 is entitled to protection of its BE2 MARK.

50. Defendants deceptively used, and continue to use, the BE2 MARK on the be2.net WEBSITE, including but not limited to use in their domain name, which is likely to cause confusion, to cause mistake and to deceive as to Defendants' affiliation, connection or association with be2.

51. Upon information and belief, Defendants deceptively used, and continue to use, the BE2 MARK in connection with advertising and promotion of their services, which is likely to cause confusion, to cause mistake and to deceive as to Defendants' affiliation, connection or association with be2.

52. Defendants' acts are calculated to deceive, and are likely to deceive, the public who recognizes and associates the BE2 MARK with be2. Moreover, this conduct is likely to cause confusion, to cause mistake or to deceive the public as to the source of Defendants' services, or as to a possible affiliation with or sponsorship by be2.

53. be2 has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to be2. As a result of Defendants' wrongful conduct, be2 is entitled to injunctive relief, damages and attorney's fees and costs.

## COUNT V
### Federal Trademark Infringement 15 U.S.C. § 1114

54. be2 realleges and incorporates by reference the allegations in Paragraphs 1 through 53 of its Complaint as if fully restated herein.

55. be2 has gained recognition of the consuming public of the association between its BE2 MARK and the services offered by be2. be2's rights in the BE2 MARK are demonstrated through its PTO Registration for the trademark "be2." As a result, be2 is entitled to protection of its BE2 MARK.

56. Defendants have deceptively used, and continue to use, the BE2 MARK in commerce, including but not limited to use in the sale and advertisement of online dating services, which is likely to cause confusion, to cause mistake and to deceive as to Defendants' affiliation, connection or association with be2.

57. Upon information and belief, Defendants have deceptively used, and continue to use, the BE2 MARK in connection with advertising and promotion of their services, which is likely to cause confusion, to cause mistake and to deceive the relevant consuming public.

58. Defendants' acts are calculated to deceive, or are likely to deceive, the public who recognizes and associates the services offered by be2 with be2. Moreover, this conduct is likely to cause confusion, to cause mistake or to deceive the public as to the source of Defendants' goods, or as to a possible affiliation with or sponsorship by be2.

59. be2 has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to be2. As a result of Defendants' wrongful conduct, be2 is entitled to injunctive relief, damages and attorney's fees and costs.

**RELIEF REQUESTED**

WHEREFORE, be2 requests that the Court enter a judgment in be2's favor and against Defendants, jointly and/or severally, and provide be2 the following relief:

a) Order, adjudge and decree that Defendants knowingly and willfully violated 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), and the Illinois Uniform Deceptive Trade Practices Act and committed further acts of common law unfair competition by:

   (i) Advertising and selling services under the misrepresentation that be2.net is associated with be2;

   (ii) Making representations regarding be2 including statements regarding be2's services, statements misrepresenting Defendants' association with be2, and/or statements misrepresenting that Defendants are associated with be2; and,

11

    (iii) Using the BE2 MARK without authorization, including but not limited to in the www.be2.net domain name;

    (iv) Committing other false or misleading acts in connection with the offer for sale and sale of their services.

  b) Issue a temporary, preliminary and/or permanent injunction prohibiting Defendants, any parents, subsidiaries, principals, officers, agents, affiliates, resellers, distributors, retailers, servants, attorneys, employees and all others in privity or acting in concert with them from engaging in further acts set forth in a)(i)-(iv) above, and further violations of 15 U.S.C. §1125(a), 15 U.S.C. §1125(b), the Illinois Uniform Deceptive Trade Practices Act, and common law unfair competition tenets;

  c) Order a full accounting of all services sold through the acts set forth above;

  d) Award be2 Defendants' profits for all services sold through the acts set forth above;

  e) Award be2 its damages incurred for all services sold through the acts set forth above;

  f) Award be2 its reasonable attorney's fees and costs of the litigation;

  g) Find that the Defendants' acts are knowing and willful;

  h) Award be2 three times the amount of damages for all services sold through the acts set forth above; and,

  i) Award any and all other relief that this Court deems proper.

**A trial by jury is hereby demanded**.

Dated this 15th day of March 2010.

                                                      Respectfully submitted,

                                                     __*/s/ Jeana R. Lervick*_____
                                                     Lawrence J. Crain
                                                     Kevin W. Guynn
                                                     Jeana R. Lervick
                                                     Greer, Burns & Crain, Ltd.
                                                     300 South Wacker Drive
                                                     Suite 2500
                                                     Chicago, Illinois 60606
                                                     312.360.0080
                                                     312.360.9315 (facsimile)
                                                     lcrain@gbclaw.net
                                                     kguynn@gbclaw.net
                                                     jlervick@gbclaw.net