IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BE2, LLC, a Delaware limited liability company, and BE2 HOLDING AG, a foreign company, ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 10-cv-1650 |
| v. ) ) | Hon. Milton I. Shadur |
| BE2.NET, a New York company, and Nick IVANOV, an individual, ) ) ) ) | |
| Defendant. ) ) | |

**MOTION FOR JUDGMENT OF
DAMAGES AND SUPPORTING MEMORANDUM**

Plaintiffs BE2, LLC and BE2 HOLDING AG ("be2") move for a Judgment of Damages under F.R.Civ.P. Rule 55 against Defendants Nick Ivanov and be2.net[1].

The Complaint (Dkt. 1) and Summons (Dkt. 12-1) were personally served on both Defendants on March 31, 2010 (Service Affidavits (Dkt. 8, 9)). The Order of March 19, 2010 setting a May 3, 2010 status hearing date was also served then (*see* Dkt. 8, 9). Default Judgment and a Permanent Injunction were entered by this Court against the Defendants on May 28, 2010 (Dkt. 14). Plaintiffs now seek damages in association with the Defendants' actions.

**ALLEGATIONS OF THE COMPLAINT**

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). In essence, the pertinent facts of this case are that Plaintiffs operate a web site at

---

[1] Nick Ivanov has asserted that he is the CEO and founder of be2.net (Exh. 7, 8) and therefore it appears that be2.net is some type of organization beyond merely a web site. Plaintiffs will be left to take discovery, if needed, in enforcing the judgment sought by this motion.

www.be2.com through which they provide matchmaking services. (Dkt. 1, Par. 8-13; Dkt. 12-3, Par. 2) Plaintiffs began providing such services through this website in the United States at least as early as April, 2005 (Dkt. 12-3, Par. 3). Plaintiffs have sought and obtained a federal trademark registration for be2, namely, U.S. Registration No. 3,749,879 (Dkt. 1, Par. 12; Dkt. 12-3, Par. 4; Dkt. 12-4, Exh. 3)

Defendant Ivanov obtained a website, www.be2.net, in September, 2009, and for several years that web site was used as a directory only. (Dkt. 1, Par. 20) Some time well after April, 2005, the be2.net web began providing dating services directly in competition with www.be2.com. (Dkt. 1, Par. 19-20; Dkt. 12-3, Par. 5; Dkt. 12-4, Exh. 5).

Plaintiffs contacted Mr. Ivanov, as CEO and co-founder of the site, via a cease and desist letter from their attorneys on October 2, 2009. (Dkt. 12-5, Exh. 10) In response, Mr. Ivanov began posting messages on twitter.com (Dkt. 12-5, Exh. 9) and engaged his own attorney to respond to Plaintiffs' attorneys. (Dkt. 12-3, Par. 6) Mr. Ivanov's attorney, Mr. Richard Joel, acknowledged that Ivanov was the person behind be2.net, asserting that Ivanov had obtained be2.net and had been using that web site. (Dkt. 12-5, Exh. 12) The communications between Mr. Joel and Plaintiffs' attorneys included several letters and at least one phone call (Dkt. 12-5, Exh. 13), however, the communication ended in late October-early November, 2009, despite attempts by Plaintiffs' counsel to continue the communication. Further, there was direct contact between business people at be2 with Ivanov, also in October, 2009, however, those communications also terminated due to Ivanov's failure to respond in that same time frame. (Dkt. 12-3, Par. 6) In the meantime, however, Ivanov sought to sell his web site to the Plaintiffs by asserting "make me an offer" on his twitter posting. (Dkt. 12-5, Exh. 11).

Defendants began offering online dating services on the be2.net website with the intention of misleading consumers. (Dkt. 1, Par. 25) Defendants' actions have caused actual confusion in the marketplace. (Dkt. 1, Par. 27) Defendants have acknowledged actual confusion, and on May 28, 2010 this Court has entered a Permanent Injunction prohibiting further misleading conduct (Dkt. 1, Par. 27-30; Dkt. 12-3, Par. 10; Dkt. 14).

Despite the Court's Order and Injunction, the website www.be2.net continued to do business. In fact, the website moved its host from the United States to Bulgaria, in a thinly-veiled attempt at avoiding liability. Only after receiving a letter from Plaintiffs' counsel on or about June 16, 2010 reiterating that this Court's Order prohibited further violations of Plaintiffs' trademark, the be2.net website was suspended.

Based on the Defendants' failure to communicate to resolve the issues raised by be2, be2 was compelled to file the instant litigation and to incur attorneys fees and costs to protect its rights and interests. (Crain, Par. 1-4) Moreover, as a direct result of Defendants' conduct, be2's business has suffered monetarily and is in danger of continued damage given the Defendants' failure to comply with this Court's orders. As Defendants have already been found liable for their actions, Plaintiffs are entitled to damages.

## **LEGAL RIGHT TO RELIEF**

In view of the admitted and established facts as set forth above, be2 is entitled to the damages it sought in the Complaint, namely, an Order for a full accounting of monies received in connection with all services sold through the acts set forth above and for advertising revenues obtained due to operation of the web site be2.net.

be2 submits that 15 USC 1117(a) entitles be2 to the requested relief as set forth below:

(a) Profits; damages and costs; attorney fees

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125 (a) or (d) of this title, or a willful violation under section 1125 (c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover
> (1) defendant's profits,
> (2) any damages sustained by the plaintiff, and
> (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Defendants have already been found to have violated Plaintiffs' rights. Accordingly, Plaintiffs respectfully submit that 15 USC § 1117(a) entitles Plaintiffs to Defendants' profits, their own monetary damages, and attorneys' fees. As shown in the Etten Declaration, Plaintiffs' monetary damages aside from attorneys fees and expenses are well into the range of $1,460,000 to $2,615,000. (Dkt. 12-3). Accordingly, Plaintiffs respectfully request an Order granting Plaintiffs their monetary damages in the amount of $1,460,000.

In addition, Plaintiffs respectfully submit that 15 USC § 1117(a) entitles Plaintiffs to their full fees and costs incurred as a result of the Defendants' misdeeds and systematic delay tactics. Accordingly, Plaintiffs submit the declarations of Andreas Etten and Lawrence Crain establishing the attorneys fees and costs incurred by be2 as a result of the litigation. (Dkt. 12-3; Crain) As the attorneys fees incurred by Plaintiffs are estimated to be approximately $51,000, Plaintiffs request an Order granting Plaintiffs this amount.

Finally, Plaintiffs respectfully submit that there is a very real danger of Defendants continuing their infringing actions through the be2.net website. Upon this Court entering the

Permanent Injunction, the website's host was moved from the United States to Bulgaria. Only after Plaintiffs' counsel sent a letter reiterating that activities relating to the be2.net website were ordered to cease was the site suspended. However, as Defendants maintain ownership of the website, there is no guarantee that they will not pick back up with their infringement once the lawsuit is terminated. Accordingly, in the interests of judicial economy and to avoid prejudice to the Plaintiffs, and pursuant to this Court's inherent powers, Plaintiffs request an Order transferring ownership of the be2.net website by the domain name registry, namely Verisign, Inc., to a registrar of Plaintiffs' selection.

## CONCLUSION

Plaintiffs be2 request that the Court enter Judgment against the Defendants and order the requested relief.

Dated this 23rd day of June, 2010.

Respectfully submitted,

 /s/ Jeana R. Lervick
Lawrence J. Crain
Kevin W. Guynn
Jeana R. Lervick
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
lcrain@gbclaw.net
kguynn@gbclaw.net
jlervick@gbclaw.net

# **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the Notice of Motion, Motion for Judgment of Damages, Declaration of Andreas Etten and Declaration of Lawrence Crain was serviced upon the Defendants via first class mail, postage prepaid, confirmation via e-mail, this 23rd day of June, 2010, as follows:

Nick Ivanov
1454 York Street
Apartment D2
Mahwah, New Jersey 07430

Be2.net c/o Nick Ivanov
1454 York Street
Apartment D2
Mahwah, New Jersey 07430

           */s/ Jeana R. Lervick*
           Jeana R. Lervick